IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES E. MURPHY,                          :
                                          :
    Petitioner                            :
                                          :   CIVIL NO. 1:10-CV-1107
                                          :
    v.                                    :   Hon. John E. Jones III
                                          :
                                          :
WARDEN JOHN WETZEL, *et al.*,             :
                                          :
    Respondents                           :

## **MEMORANDUM**

May 26, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

    Petitioner James E. Murphy ("Petitioner" or "Murphy"), who presently is confined at the Franklin County Prison in Chambersburg, Pennsylvania awaiting sentencing, commenced the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241.  (Doc. 1.)  He has filed a Motion for leave to proceed *in forma pauperis*.  (Doc. 3.)  The Petition currently is before the Court for screening.

    On July 14, 2009, Murphy was convicted in the United States District Court for the Middle District of Pennsylvania of conspiracy to distribute cocaine base and conspiracy to distribute, or conspiracy to possess with intent to distribute, heroin.

(*See USA v. Murphy*, Criminal No. 1:08-CR-00433-WWC-1, Doc. 63.)  Murphy currently is scheduled to appear before the Honorable William W. Caldwell for sentencing on June 22, 2010.  (*See id.*, Doc. 91.)  On May 26, 2010, two (2) days after the instant Petition was filed, Judge Caldwell denied Murphy's third Motion to Continue his sentencing hearing.  (*See id.*, Doc. 108.)

In the instant Petition, Murphy raises the following grounds: **(1)** his indictment, conviction, and continued deprivation of equitable rights has resulted in a clear miscarriage of justice; **(2)** he was subject to an unlawful jury trial prosecution, a miscarriage of justice, and a violation of his Fifth and Sixth Amendment rights; **(3)** Judge Caldwell and Attorney Lord (Murphy's appointed counsel in his criminal proceedings) are impeding on his Fifth and Sixth Amendment rights; **(4)** material facts either were altered or not included in the jury trial transcripts.  (*See* Doc. 1 at 4, 5, 7, 9.)

Murphy requests declaratory and injunctive relief as well as his unconditional, immediate release; a new defense attorney; a change of venue; leave to amend any defects; the appointment of an Administrative Judge to oversee the instant Petition; any additional relief deemed proper by this Court; and the appointment of counsel for the hearing on this Petition.  (*See id.* at 11.)

**DISCUSSION**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides, in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Both 28 U.S.C. § 2255 and 28 U.S.C. § 2241 confer habeas jurisdiction to hear petitions of individuals convicted of federal crimes. *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Generally, a challenge to the validity of a federal conviction or sentence, or to the court's jurisdiction, must be brought through a § 2255 motion. *See United States v. Miller*, 197 F.3d 644, 648 n. 2 (3d Cir. 1999). Where a federal prisoner challenges the execution, rather than the validity, of his sentence, § 2241 is the only statute which confers habeas jurisdiction to hear the petition and is in fact expressly limited to such challenges. *Coady*, 251 F.3d at 485 (indicating that denial of parole is an example of sentence execution that falls within the scope of § 2241). Where a petitioner challenges the effect of events *subsequent* to his sentencing on that

3

sentence, § 2241 provides an appropriate remedy; however, where he challenges the effects of events *at or before* sentencing, he must file a petition under § 2255 for relief. *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

In the instant case, Murphy seeks relief based on events that have occurred prior to his sentencing, and thus his remedy would lie under § 2255. Accordingly, Murphy only would be able to pursue habeas relief under § 2241 if it "appears that the remedy by [a section 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Murphy could only establish the inadequacy or ineffectiveness of a § 2255 motion by showing that "some limitation of scope or procedure would prevent a Section 2255 proceeding from affording him a full hearing and adjudication of his [claims]." *Cradle v. United States,* 290 F.3d 536, 538 (3d Cir. 2008). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.*   Murphy asserts that a petition filed under § 2241 is "the appropriate vehicle for the unconditional release, immediate release, equitable and declaratory relief under extraordinary circumstances." (*See* Doc. 1 at 4.) There is no reason why Murphy

4

cannot raise the claims in the instant Petition challenging his conviction through a direct appeal after he has been sentenced. In addition, after his judgment of conviction becomes final, he also may seek collateral review through a § 2255 petition. *See Kapral v. United States*, 166 F.3d 565, 567 (3d Cir. 1999) (under § 2255, a motion must be filed within one year of "the date on which the judgment of conviction becomes final," which the Third Circuit has interpreted as "one year of the date on which this court affirms the defendant's conviction and sentence.").

For the foregoing reasons, the instant Petition must be dismissed for lack of jurisdiction. *See Application of Galante*, 437 F.2d at 1165. An appropriate Order will enter.